## Case No. 15,748.

### UNITED STATES v. MAXON.

[5 Blatchf. 360.] [1]

Circuit Court, E. D. New York. Nov. 30, 1866.

CRIMINAL LAW — COURTS — CONSTITUTIONAL PROVISION—"PERSONAL GOODS OF ANOTHER."

1. Under the 6th amendment to the constitution of the United States, which provides that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," the district in which the trial is had must have been ascertained by law previously to the commission of the crime, and not merely previously to the trial.

2. The phrase "personal goods of another," in the 16th section of the act of April 30th, 1790 (1 Stat. 116), embraces the personal goods of the United States.

This was a motion to quash an indictment [against John Maxon] for grand larceny alleged to have been committed on the 31st of December, 1863, in the navy yard at Brooklyn, New York. At that time such navy yard was within the Southern district of New York. By the act of February 25th, 1865 (13 Stat. 438), the Eastern district of New York was established, and such navy yard fell within its territorial limits and jurisdiction. This indictment was subsequently found in the district court for the Eastern district, and was transmitted to this court. The defendant now moved to quash the indictment.

---

Benjamin D. Silliman, U. S. Dist. Atty.

Calvin E. Pratt and John H. Bergen, for defendants.

Before NELSON, Circuit Justice, and BENEDICT, District Judge.

NELSON, Circuit Justice. The indictment in this case charges the defendant with stealing personal property of the United States, within the navy yard in the city of Brooklyn, New York, a place under the exclusive jurisdiction of the federal government, with some qualifications not material. It was found before the United States district court for the Eastern district of New York, at the December term, 1865, and has been transferred to this court for trial. This Eastern judicial district was defined and organized under an act of congress, approved February 25th, 1865 (13 Stat. 438). The offence, therefore, as will be seen, was committed within the former Southern district of New York, from which the Eastern district was taken; and the question presented is, whether or not the defendant was rightfully indicted in this district, or can be tried within it. The sixth amendment to the constitution of the United States provides that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." The argument in support of the jurisdiction is, that if the district is ascertained by law before the trial, the amendment is sufficiently complied with. We think that this interpretation is not in accordance with the fair import of the terms of the provision; nor would it meet the grievance it was intended to remedy, namely, the formation of a district after the offence was committed, to suit the will or caprice of the law-making power. According to the very words of the amendment, there must be a speedy trial by an impartial jury of the state and district in which the crime was committed, which district (the one in which it was committed) shall have been previously ascertained by law, that is, previous to the commission of the offence. This question was somewhat discussed by counsel and court in U. S. v. Dawson, 15 How. [56 U. S.] 467, though the point was not necessarily involved. We think we hazard nothing in saying, that the above view of the amendment is in accordance with the general opinion of jurists and the profession, since its adoption, and with the reasons that led to it.

Another point was made, which it may be proper to notice, and that is, whether the phrase "personal goods of the United States" comes within the words "personal goods of another," as used in the 16th section of the act of April 30, 1790 (1 Stat. 116), under which this indictment is found. We entertain no doubt that it does, and that a lar-

ceny of the personal goods of the United States might constitute the subject of the offence charged.

The motion to quash the indictment is granted.